IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | | |
|---|---|---|
| HIDEMI ZOE IHAZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| EMPOWER BRANDS, LLC, | ) | **TRIAL BY JURY** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, **HIDEMI ZOE IHAZA** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **EMPOWER BRANDS, LLC (**hereafter referred to as "Defendant" or "Empower"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "BLACK+DECKER Easy Garment Steamer," which specifically includes the Model HGS011 (hereafter referred to as "Subject Garment Steamer" or "Garment Steamer(s)") that is at issue in this case.

2. On or about February 5, 2023. Plaintiff was using the subject Garment Steamer for the first time. She previously purchased the subject Garment Steamer from Target.com on or about August 29, 2022.

3. After filling the steamer with water below the fill line, Plaintiff snapped the lid into place,

1

set the steamer on the counter, and plugged it in. The water started boiling, and heat began emanating from the steamer.

4. Plaintiff carefully picked up the steamer and kept it vertical to steam her garment. However, hot water suddenly expelled from the top of the device and landed on her foot.

5. As a result of the incident, Plaintiff sustained, *inter alia,* second-degree burns to her right foot, which has resulted in significant permanent scarring and disfigurement.

6. On or about November 3, 2022, Defendant recalled[1] *over 500,000 g*arment steamers sold from June 2021 through September 2022., which includes the subject Garment Steamer, because the steamers could "expel, spray or leak hot water during use, posing a burn hazard to consumers."[2] The recall was issued in cooperation with the Consumer Products Safety Commission (CPSC). A copy of the CPSC's Recall Notice is attached hereto as "Exhibit A".

7. Defendant designed, manufactured, marketed and sold these Garment Steamers, including the subject Garment Steamer, with a defect that made them inherently dangerous.

8. Consequently, Plaintiff brings this case as a direct and proximate result of Defendant's wrongful misconduct.

## THE PARTIES

9. Plaintiff is a resident and citizen of the City of Chicago, County of Cook, State of Illinois, Plaintiff is therefore deemed a resident of Illinois for purposes of diversity to pursuant to 28 U.S.C. § 1332.

---

[1] https://www.cpsc.gov/Recalls/2023/Chervon-North-America-Recalls-EMPOWER-Power-Cordless-Brushless-Hedge-Trimmers-Due-to-Laceration-Hazard
[2] *Id*.

10. Empower designs, manufactures, markets, imports, distributes and sells consumer products, including the subject Garment Steamer that is at issue in this case.

11. At all times relevant to this complaint, Empower was and is a Delaware limited liability company, with its principal place of business in Middleton, Wisconsin. Empower was and is a wholly owned subsidiary of Spectrum Brands, Inc., which is a Delaware corporation with its principal place of business in Middleton, Wisconsin. Empower is therefore a citizen of Delaware and Wisconsin for purposes of diversity to pursuant to 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is resident of this District.

## FACTUAL BACKGROUND

14. Empower designs, manufactures, markets, imports, distributes and sells consumer products, including the subject Garment Steamer that is at issue in this case.

15. On or about February 5, 2023. Plaintiff was using the subject Garment Steamer for the first time. She previously purchased the subject Garment Steamer from Target.com on or about August 29, 2022.

16. After filling the steamer with water below the fill line, Plaintiff snapped the lid into place, set the steamer on the counter, and plugged it in. The water started boiling, and heat began emanating from the steamer.

17. Plaintiff carefully picked up the steamer and kept it vertical to steam her garment. However, hot water suddenly expelled from the top of the device and landed on her foot.

18. As a result of the incident, Plaintiff sustained, *inter alia,* second-degree burns to her right foot, which has resulted in significant permanent scarring and disfigurement.

19. On or about November 3, 2022, Defendant recalled[3] *over 500,000 g*arment steamers sold from June 2021 through September 2022., which includes the subject Garment Steamer, because the steamers could "expel, spray or leak hot water during use, posing a burn hazard to consumers."[4] The recall was issued in cooperation with the Consumer Products Safety Commission (CPSC). A copy of the CPSC's Recall Notice is attached hereto as "Exhibit A".

20. Defendant designed, manufactured, marketed and sold these Garment Steamers, including the subject Garment Steamer, with a defect that made them inherently dangerous.

21. Plaintiff used her Garment Steamer for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendant.

22. Defendant's Garment Steamers possess defects that make them unreasonably dangerous for their intended use by consumers because of the propensity to cause burn injuries like those described herein.

23. Defendant knew or should have known that its Garment Steamers possessed defects that posed a safety risk to Plaintiff and the public. Nevertheless, Defendant ignored and/or concealed its knowledge of the Garment Steamers' defects from the general public and continued generating a substantial profit from the sale of its Garment Steamers.

---

[3] *Id.*
[4] *Id.*

4

24. As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Garment Steamer, which resulted in significant and painful bodily injuries.

25. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' Garment Steamer as described above, which has caused the Plaintiff to suffer from bodily injuries, medical expenses, physical pain and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. At the time of Plaintiff's injuries, Defendant's Garment Steamers, including the subject Garment Steamer, were defective and unreasonably dangerous for use by foreseeable consumers.

28. Defendant's Garment Steamer was in the same or substantially similar condition as when it left the possession of the Defendant.

29. Plaintiff did not misuse or materially alter the Garment Steamer.

30. The Garment Steamers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

31. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Garment Steamers safe. Specifically:

   a. The Garment Steamers designed, manufactured, sold, and supplied by Empower were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

5

    b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Empower failed to properly market, design, manufacture, distribute, supply, and sell the Garment Steamers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Empower failed to warn and place adequate warnings and instructions on the Garment Steamers;

    e. Empower failed to adequately test the Garment Steamers; and

    f. Empower failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her complaint to allege punitive damages, according to proof.

### COUNT II
### NEGLIGENCE

33. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34. Empower had a duty of reasonable care to design, manufacture, market, and sell non-defective Garment Steamers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

35. Empower failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Garment Steamers in that it knew or should have known that said Garment Steamers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

6

36. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Garment Steamers in that, among other things, it:

   a. The Garment Steamers designed, manufactured, sold, and supplied by Empower were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Empower failed to properly market, design, manufacture, distribute, supply, and sell the Garment Steamers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Empower failed to warn and place adequate warnings and instructions on the Garment Steamers;

   e. Empower failed to adequately test the Garment Steamers; and

   f. Empower failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

37. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend her complaint to allege punitive damages, according to proof.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action, interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant s Garment Steamers;

c. pre and post judgment interest at the lawful rate;

d. an order allowing Plaintiff to allege punitive damages on all applicable Counts as permitted by the law, according to proof;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: January 29, 2025     /s/ *Adam J. Kress, Esq.*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
(612) 436-1600 / (612) 436-1601 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***